IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JULIO ANTONIO ARREOLA HUIZAR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:10CR356-1 |
| | ) | 1:13CV205 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge for a recommended ruling on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry 26) ("Section 2255 Motion").[1] For the reasons that follow, the Court should deny Petitioner's Section 2255 Motion.

INTRODUCTION

This Court (per United States District Judge Thomas D. Schroeder) entered a Judgment against Petitioner imposing, inter alia, a prison term of 71 months, upon his guilty plea to unlawful presence in the United States following deportation after conviction for a felony in violation of 8 U.S.C. § 1326(a) and (b)(1). (Docket Entry 15; see also Docket Entry 1 (Indictment); Docket Entry 10 (Plea Agt.); Docket Entry dated Nov. 2, 2010

---

[1] Parenthetical citations refer to Petitioner's criminal case.

(documenting guilty plea); Docket Entry dated Mar. 3, 2011 (documenting sentencing); Docket Entry 20 (Plea Hrg. Tr.); Docket Entry 21 (Sent'g Hrg. Tr.).)  The United States Court of Appeals for the Fourth Circuit affirmed. United States v. Huizar, 457 F. App'x 271 (4th Cir. 2011).  Petitioner then timely filed his Section 2255 Motion (Docket Entry 26), along with a Memorandum in Support (Docket Entry 27).  The United States responded (Docket Entry 33) and Petitioner replied (Docket Entry 35).  He also filed a motion asking the Court to "take judicial notice of recently held Supreme Court case law [i.e.,] . . . McQuiggin v. Perkins, [___ U.S. ___, 133 S. Ct. 1924 (2013)], and Alleyne v. United States, [___ U.S. ___, 133 S. Ct. 2151 (2013)]."  (Docket Entry 36 at 2.)[2]

## DISCUSSION

Petitioner's Section 2255 Motion asserts two grounds for relief:

1) ineffective assistance of counsel at sentencing (see Docket Entry 26, ¶ 12(Ground One)); and

---

[2] The Court can consider United States Supreme Court decisions without motion by Petitioner and therefore the undersigned Magistrate Judge will deny as moot the Motion for Leave.  In addition, McQuiggin (which recognized a limited, equitable exception to the statute of limitations for habeas claims where the petitioner asserts actual innocence) and Alleyne (which prohibits judicial fact-finding, other than as to the fact of a prior conviction, to increase a statutory, mandatory minimum sentence) have no bearing on the matters at issue in this case.

2

2) ineffective assistance of counsel on appeal (see id., ¶ 12(Ground Two)).

To make out an ineffective assistance claim, Petitioner must show that his counsel's performance fell below a reasonable standard for defense attorneys and that prejudice resulted. See Strickland v. Washington, 466 U.S. 668, 687-94 (1984). "Surmounting Strickland's high bar is never an easy task. . . . [T]he standard for judging counsel's representation is a most deferential one." Harrington v. Richter, 562 U.S. 86, 105 (2011) (internal quotation marks omitted).

Petitioner's two ineffective assistance claims concern his counsel's decision not to challenge (at sentencing and on appeal, respectively) the offense level increase under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (which affected his advisory Sentencing Guidelines range) based on his pre-deportation conviction for burglary under California law. (See Docket Entry 26, ¶ 12(Ground One) & (Ground Two); Docket Entry 27 at 1-16.)[3]  Both of Petitioner's claims fail as a matter of law.

---

[3] "Section 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines provides for a sixteen-level enhancement when a defendant was previously deported after 'a conviction for a felony that is . . . (ii) a crime of violence . . . .' Application Note 1(B)(iii) to U.S.S.G. § 2L1.2 defines a 'crime of violence' to include the 'burglary of a dwelling.'" Lopez-Vera v. United States, Nos. 1:12CV55, 1:09CR226-1, 2015 WL 1717836, at *5 (M.D.N.C. Apr. 15, 2015) (unpublished) (Schroeder, J.) (internal brackets omitted).

In that regard, the United States has come forward with evidence that:

1) prior to Petitioner's guilty plea, his counsel recognized that a <u>potential</u> issue existed as to whether or not Petitioner's 1999 California burglary conviction would qualify as a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (and thereby trigger a 16-level increase on the "offense level" axis of his advisory Sentencing Guidelines calculation) and advised Petitioner accordingly (<u>see</u> Docket Entry 33-2, ¶ 5);

2) Petitioner's counsel thoroughly investigated and researched that issue (<u>see</u> <u>id.</u>, ¶¶ 6, 9, 16) and "determined that, under Fourth Circuit case law, [said] conviction would meet the definition of a burglary of a dwelling and be considered a crime of violence [under Section 2L1.2(b)(1)(A)(ii), particularly because] . . . Petitioner's 1999 California criminal complaint contained the language, 'willfully, unlawfully, and feloniously enter the inhabited dwelling'" (<u>id.</u>, ¶ 9); and

3) in light of that determination, Petitioner's counsel did not contest the offense-level increase under Section 2L1.2(b)(1)(A)(ii) at sentencing or on appeal (<u>see</u> <u>id.</u>, ¶ 16).

None of Petitioner's filings offer any basis to question the foregoing evidence. (<u>See</u> Docket Entry 26, ¶ 12(Ground One) & (Ground Two); Docket Entry 27 at 1-17; Docket Entry 35 at 1-3;

4

Docket Entry 36 at 1-4.)[4] Moreover, independent research has confirmed that, at the time of Petitioner's sentencing (on March 3, 2011 (see Docket Entry 21 at 1)), as well as when his counsel filed Petitioner's opening brief in the Fourth Circuit (on August 8, 2011, see Brief of Appellant, United States v. Huizar, No. 11-4315 (4th Cir. Aug. 8, 2011)), precedent in the United States Court of Appeals for the Ninth Circuit held (via the "modified categorical approach" recognized in Taylor v. United States, 495 U.S. 575, 602 (1990))[5] that, where (as in this case) a California charging document contained the above-quoted language about entry into a dwelling, the resulting California burglary conviction "meets the definition of 'burglary of a dwelling' . . . and is, therefore, a

---

[4] To the extent Petitioner baldly asserts his counsel failed to research this issue, he states no claim. See, e.g., Whitley v. United States, Nos. 1:03CR445, 1:12CV67, 2014 WL 4443295, at *6 n.1 (M.D.N.C. Sept. 9, 2014) (unpublished) (recommendation of Webster, M.J., adopted by Beaty, S.J.) ("Unsupported, conclusory allegations do not warrant an evidentiary hearing, much less relief.") (citing Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999)), appeal dismissed, No. 14-7424, 2015 WL 1543893 (4th Cir. Apr. 8, 2015) (unpublished).

[5] "[U]nder th[e] categorical approach, if a statutorily-defined crime has the same basic elements as the Supreme Court's [definition of the] generic version of burglary, then that crime constitutes burglary for sentence enhancement purposes . . . [but Taylor also approved the limited use of a modified categorical approach under which] a sentencing court may look to certain extra-statutory materials to determine whether a conviction can be used for an enhancement." Lopez-Vera v. United States, Nos. 1:12CV55, 1:09CR226-1, 2015 WL 1717836, at *6 (M.D.N.C. Apr. 15, 2015) (unpublished) (Schroeder, J.) (internal quotation marks omitted).

5

'crime of violence' under [Section 2L1.2(b)(1)(A)(ii)]," United States v. Rodriguez-Rodriguez, 393 F.3d 849, 857-58 (9th Cir.), cert. denied, 544 U.S. 1041 (2005), overruled, United States v. Aguila-Montes de Oca, 655 F.3d 915, 945-46 (9th Cir. 2011) (en banc) (decided August 11, 2011).[6]

---

[6] At the time of Petitioner's sentencing and the filing of his appeal brief, district courts in the Ninth Circuit continued to follow Rodriguez-Rodriguez. See United States v. Sandoval-Martinez, No. CR-10-6059-LRS, 2011 WL 110661, at *3 (E.D. Wash. Jan. 13, 2011) (unpublished) ("[P]ending the en banc decision in Aguila-Montes, this court is authorized by Rodriguez-Rodriguez to engage in a modified categorical analysis to determine whether Defendant's conviction constitutes a 'crime of violence' under the Guidelines subject to the 16 level enhancement. The certified documents available to this court indicate the Defendant pled guilty in California to a criminal complaint charging him with 'willfully and unlawfully entering a certain building, to wit, an inhabited dwelling house with the intent to commit theft and a felony.' As such, Defendant's situation is indistinguishable from the defendant's situation in Rodriguez-Rodriguez where the Ninth Circuit found the 16 level enhancement was properly applied." (internal brackets and parenthetical omitted)); United States v. Contreras-De La Torre, Crim. No. 10-1194GT, 2010 WL 3339024, at *2 (S.D. Cal. Aug. 23, 2010) (unpublished) ("Since Rodriguez–Rodriguez . . . [is] still good law, the court may apply the modified categorical approach and [the defendant's] conviction for residential burglary [under California law] is a crime of violence under the guidelines. Hence, the 16 level enhancement [under Section 2L1.2(b)(1)(A)(ii)] is appropriate."); see also Lopez-Vera v. United States, Nos. 1:12CV55, 1:09CR226-1, 2015 WL 1717836, at *7 (M.D.N.C. Apr. 15, 2015) (unpublished) (Schroeder, J.) (recognizing that, from February 3, 2010, through October 11, 2011, "Aguila–Montes remained undecided and unavailable as precedent"). Additionally, the Ninth Circuit's overruling of Rodriguez-Rodriguez after the filing of Petitioner's opening appeal brief provides no support for an appellate ineffective assistance claim for at least two reasons. First, after filing the opening appeal brief, Petitioner's counsel could not raise new issues. See United States v. Hudson, 673 F.3d 263, 268 (4th Cir. 2012). Second, "the Fourth Circuit has held that counsel is not deficient for . . . failing to
(continued...)

Case 1:10-cr-00356-TDS   Document 37   Filed 05/07/15   Page 6 of 10

As this Court (per Judge Schroeder) recently recognized in another case raising the same basic issues presented here, during the relevant time-frame, "§ 2L1.2's application to [California burglary] convictions had not been directly addressed [by the Fourth Circuit]. That being said, the Fourth Circuit [had] interpreted Taylor to embrace a modified-categorical approach where a statute broadly criminalizes conduct that could be generally committed in multiple ways . . . ." Lopez-Vera v. United States, Nos. 1:12CV55, 1:09CR226-1, 2015 WL 1717836, at *7 (M.D.N.C. Apr. 15, 2015) (unpublished) (internal ellipses and quotation marks

---

⁶(...continued)
be aware of and raise direct contrary authority of other circuits." Lopez-Vera, 2015 WL 1717836, at *8 (citing cases). That latter point also defeats Petitioner's attempt to base his ineffective assistance claim(s) on decisions from the United States Court of Appeals for the Fifth Circuit. (See Docket Entry 27 at 9 (citing Fifth Circuit cases).) Moreover, in the period leading up to Petitioner's sentencing and appeal, the Fifth Circuit does not appear to have taken a consistent course on this issue. Compare United States v. Murillo-Lopez, 444 F.3d 337, 343-44 & n.42 (5th Cir. 2006) (discussing Rodriguez-Rodriguez approvingly), with United States v. Gonzalez-Terrazas, 529 F.3d 293, 296-98 & n.2 (5th Cir. 2008) (refusing to apply modified categorical approach to California burglary conviction and ultimately resolving apparent conflict with Murillo-Lopez as follows: "by failing to cite or mention Murillo-Lopez, the Government has abandoned any argument that Murillo-Lopez, as [a] prior panel precedent, somehow [controls]"). Finally, during the relevant time-frame, contrary to the Fifth Circuit's ruling in Gonzalez-Terrazas, another federal appeals court expressly "agree[d] with the Ninth Circuit's approach in evaluating California burglary convictions," United States v. Painter, 400 F.3d 1111, 1114 (8th Cir. 2005). Given this "array of legal authority at the time of [Petitioner's] sentencing [and appeal], counsel's failure to argue [this] issue does not run afoul of the Strickland standard." United States v. Mellor, No. 7:07CR3, 2010 WL 3585892, at *9 (W.D. Va. Sept. 9, 2010) (unpublished).

omitted) (citing United States v. Bethea, 603 F.3d 254, 256-57 (4th Cir. 2010)).  Further, "[t]he Fourth Circuit [had] applied this modified categorical approach in cases involving both divisible criminal statutes — which set out one or more of the statutory elements in the alternative (e.g., burglary involving entry into a building or an automobile) — and non-divisible criminal statutes." Id. (citing cases).  "The modified categorical approach allowed a court to review charging documents filed in the court of conviction . . . to determine whether the defendant's crime necessarily constituted the type of generic conduct that would satisfy the [sentencing enhancement]."  Id. (internal ellipses and quotation marks omitted) (citing Bethea, 603 F.3d at 256-57).

Here, as in Lopez-Vera, the "conviction that triggered the [Section 2L1.2(b)(1)(A)(ii)] enhancement was for burglary under California Penal Code § 459 — a statutorily defined offense with indivisible elements that is broader than the [Supreme Court's] generic definition of burglary," id.  However, at the time of Petitioner's sentencing and appeal, the Fourth Circuit "permitted application of the modified-categorical approach to evaluate the character of the prior offense to determine whether it supported the enhancement, reviewing charging documents filed in the court of

8

conviction . . . to make that determination." Id. (internal quotation marks omitted) (citing Bethea, 603 F.3d at 256-57).[7]

As noted by Petitioner's counsel in her affidavit (quoted above), the criminal complaint underlying Petitioner's California burglary conviction charged that he willfully and unlawfully entered a dwelling in connection with the offense. Accordingly, "given the prevailing and controlling law at the [relevant] time . . ., his counsel was not unreasonably deficient for believing [Petitioner's] prior [California burglary] conviction was

---

[7] In fact, not until August 10, 2012 (well after the completion of Petitioner's appeal), did the Fourth Circuit effectively preclude application of Taylor's modified categorical approach to convictions under statutes like California Penal Code § 459 (and instead require application of the more-defendant-friendly categorical approach to such statutes) by "hold[ing] that the modified categorical approach applies only to those statutory offenses in which the statute itself is divisible." United States v. Gomez, 690 F.3d 194, 200 (4th Cir. 2012) (vacating offense-level increase under U.S.S.G. § 2L1.2(b)(1)(A)(ii)); see also id. at 204 (Niemeyer, J., dissenting) ("The majority holds that as a condition of employing the modified categorical approach, the statute under consideration must itself be divided into categories with some constituting a crime of violence and some not . . . . [T]he majority's opinion adopts an entirely new rule that . . . is indeed inconsistent with a long line of Fourth Circuit cases . . . ." (internal quotation marks omitted)). Still later, "in 2013, the Supreme Court in Descamps v. United States, [___ U.S. ___,] 133 S. Ct. 2276 (2013), held that, under Taylor's categorical approach, a conviction under [California Penal Code] § 459 could not qualify as a generic burglary . . . ." Lopez-Vera, 2015 WL 1717836, at *9. "[C]ounsel was not objectively unreasonable for failing to anticipate these subsequent developments in the law." Id.; see also United States v. Dyess, 730 F.3d 354, 363 (4th Cir. 2013) ("In United States v. McNamara, 74 F.3d 514, 516 (4th Cir. 1996), we held that 'an attorney's failure to anticipate a new rule of law was not constitutionally deficient.'").

9

sufficient to apply the § 2L1.2 'crime of violence' enhancement." Id. at *8. Put another way, "at the time of sentencing and on appeal, counsel for [Petitioner] did not perform below the reasonable standard for defense attorneys by failing to make an objection that could reasonably have been thought precluded by circuit precedent," id. at *9, particularly given that "the standard for judging counsel's representation is a most deferential one," Harrington, 562 U.S. at 105.

## CONCLUSION

Petitioner has established no basis for relief.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Leave to Supplement (Docket Entry 36) is **DENIED AS MOOT.**

**IT IS RECOMMENDED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry 26) be denied without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

May 7, 2015